UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE OSCAR SIC SIC,<br><br>          Petitioner,<br><br>     v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>          Respondent. | NO. C13-442-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jose Oscar Sic Sic has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his no bond custody order and seeking either supervised release or a new bond hearing. Dkt. No. 1. Respondent has filed a return and motion to dismiss, arguing that petitioner's habeas petition should be dismissed because he is lawfully detained under Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), awaiting a determination on whether he is to be removed from the United States. Dkt. No. 6.

For the following reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala, who entered the United States without being admitted or paroled by an Immigration Officer.  Administrative Record ("AR") R44-45.  On October 12, 2009, petitioner was convicted in the Circuit Court of the State of Oregon for Multnomah County of driving under the influence of intoxicants, and was sentenced to twenty days incarceration and two years probation.  AR R88.

On October 19, 2009, petitioner was taken into immigration custody.  AR L2-3.  Immigration and Customs Enforcement ("ICE") served him with a Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled.  AR L4-5.  On December 14, 2009, petitioner was provided a bond hearing before an Immigration Judge, and was granted release from custody under bond of $2000.  AR L50.  Petitioner posted bond and was released from custody on the same day.  AR L52-57.

On January 17, 2012, petitioner was arrested and booked into the Multnomah County Jail on charges of violating a restraining order.  AR R105-12.  Petitioner was subsequently found in contempt of court and placed on formal bench probation for 12 months.  AR L341-44.

On February 27, 2012, petitioner was arrested by immigration officials and detained without bond.  AR L110, R157-64.  On November 26, 2012, petitioner was provided a bond hearing before an Immigration Judge.  AR L299.  The Immigration Judge determined that that petitioner was a danger and a flight risk and denied petitioner's request for bond.  AR L299, L415-17.  The Immigration Judge specifically noted that petitioner did not submit any documents in support of his request for bond.  AR L416.  She also noted that petitioner is single, has a four year old child, is afraid to return to return to Guatemala, and will apply for asylum and has applied for cancellation of removal.  AR L416.  The Immigration Judge also

REPORT AND RECOMMENDATION - 2

cited petitioner's criminal history, including two convictions for driving under the influence, two convictions for domestic violence, and his conviction for violation of a restraining order. AR L416.  In addition, the Immigration Judge noted that petitioner's violation of the restraining order may render him ineligible for cancellation of removal.  *Id*.  Petitioner appealed the Immigration Judge's custody order to the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's decision on February 12, 2013.  AR L426.

### III.  DISCUSSION

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings.  That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See id*.  Section 1226(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into immigration custody, the local ICE office makes an initial custody determination, including the setting of bond.  *See* 8 C.F.R. § 236.1(c)(8), 236.1(d).  After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge.  *See* 8 C.F.R. § 236.1(d).  The alien may also appeal the Immigration Judge's bond determination to the BIA.  *See* 8 C.F.R. § 236.1(d)(3).  Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond

REPORT AND RECOMMENDATION - 3

redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing under § 1226(a), the burden is on the detainee to show to the satisfaction of the Immigration Judge that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An Immigration Judge may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In this case, the record shows that petitioner received a bond redetermination hearing before an Immigration Judge who reviewed petitioner's custody status and determined that he should be detained pending removal proceedings. AR L299, L415-17. Additionally, petitioner exercised his right to appeal the Immigration Judge's decision to the BIA. AR L426.

Petitioner challenges the sufficiency of the bond hearing, asserting that the hearing was too quick for him to adequately respond. Dkt. No. 9 at 2. He argues that he should be released on reasonable bond because he poses no flight risk or danger to the community. Dkt. No. 9 at 2-4. The government responds that the Court lacks jurisdiction to review the Immigration Judge's discretionary bond determination under INA § 236(e), 8 U.S.C. § 1226(e).

REPORT AND RECOMMENDATION - 4

It is well established that the Court lacks habeas jurisdiction to review the Attorney General's discretionary authority under 8 U.S.C. § 1226(e).  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e).").  That provision provides, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1236(e).  Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, *Gutierrez-Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002), petitioner's argument that he is not a flight risk or a danger to the community is nothing more than a challenge to the Immigration Judge's discretionary judgment and does not license this Court to review the Immigration Judge's decision to deny bond.  As the petitioner fails to articulate any constitutional or statutory claim, the Court agrees with respondent that this action should be dismissed for lack of jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 14th day of August, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge